# SHERIFF v. MERRILL.

EQUITY PRACTICE; APPEALABLE ORDERS.

1. An order sustaining exceptions to an answer to a bill in equity, is not appealable.
2. But if after exceptions to an answer have been sustained, an order is made, upon the failure of the defendant to make further answer, taking the bill as confessed or compelling the defendant by attachment to answer further, as provided by Equity Rule 56 of the court below, such order is appealable.

No. 176.   Submitted December 12, 1893.—Decided February 5, 1894.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, holding an equity term, sustaining exceptions to an answer to a bill for discovery.   *Appeal dismissed.*

The COURT in its opinion stated the case as follows:

This case has been transferred to this court, under the act of Congress of February 9, 1893, from the General Term of the Supreme Court of the District of Columbia, where it was pending on appeal from a special term of said Supreme Court.

The bill was filed by a wife, Harriet E. Merrill, for the specific execution of a contract entered into by the husband, Simeon H. Merrill, for separate maintenance of the wife— the parties living separate and apart from each other; and for discovery from the husband of the extent of his property, and of his income since the separation.   The trustee for the wife in the deed of settlement, George L. Sheriff, is also made a party defendant.   The original bill was filed against the trustee alone; but by an amended bill the husband was made a party defendant; and, by the prayer of the amended bill, he is prayed to be required to make a full answer and discovery under oath, touching the matters and things alleged and set forth in the bill of complaint; and that he be

especially required to answer under oath, the interrogatories attached to and made part of the bill.

Both the husband and the trustee of the wife answered the original and amended bill; but the husband, after answering the allegations of the bill, says that he is informed and believes, and so answers, that under the facts as in his answer set forth, he is not required to make any further discovery or answer to the interrogatories attached to the bill than in his answer set forth, and he declines to do so, unless the court shall so specially direct him.

To the answer of the husband to the bill, and his refusal to answer the interrogatories, the plaintiff excepted, and filed seven exceptions, specifying the particulars in which the answer was supposed to be insufficient. The record before us does not show that these exceptions were set for hearing, or that they were referred to a master to examine and certify as to whether the answer was sufficient in the points excepted to or not. But the court, by its order of the 13th of February, 1893, sustained the exceptions; but the order did not go further and adjudge the costs of the exceptions to the plaintiff, nor did it require the defendant to make further answer to the bill and interrogatories. That, it would seem, was left to be governed by the rules of the court. It was from this order, simply sustaining the exceptions, that this appeal was taken. And the question is, whether such an appeal will lie?

*Mr. W. L. Cole* for the appellant.

*Messrs. Shepperd & Lavender* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The general rule, except as it has been modified by the 32d Equity Rule of the Supreme Court of the District, doubtless is, that a defendant, when he submits to answer, must answer fully. There is an exception to this general rule, however, and that is, where the discovery sought by the bill

will subject the defendant to any kind of punishment or penalties or forfeiture, or will prejudice him as a purchaser for valuable consideration. In such cases he is not required to make discovery in respect to those matters; and he could defend against such discovery by plea or demurrer. The object of the Equity Rule 32 was to afford protection to the defendant against such discovery, as well upon answer as upon plea or demurrer to the bill.

But the order appealed from in this case, simply sustaining the exceptions, did not involve a decision of the merits of the case. It decided nothing, except that the answer was not full, as to the facts charged, and of which discovery was sought. It was a mere incidental, interlocutory order of procedure. The court below has taken no steps to put the defendant in contempt for not making further answer. It may be that the plaintiff will not require that such proceedings shall be taken. By the 56th Equity Rule of the Supreme Court of the District, it is provided that " when exceptions are allowed, the defendant shall put in a full and complete answer within ten days, otherwise the plaintiff shall, *as of course,* be entitled to take the bill, *so far as the matter of such exception is concerned, as confessed,* or, he may have a writ of attachment to compel the defendant to make a better answer to the matter of the exceptions." If the court below proceeds to take any matter *as confessed,* under this rule, of which the defendant is not bound to make discovery, or if he is compelled by attachment to make *such* discovery, and a final decree be founded thereon, it would be error for which such decree would be reversed. But no right of appeal can exist until such erroneous decree shall have been passed. We are clearly of opinion that the appeal taken in this case is not authorized by the law, and it must therefore be dismissed with costs to the plaintiff below.

*Appeal dismissed.*